```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

          - against -                        MEMORANDUM AND ORDER

                                             17 Cr. 355 (NRB)
DAVID RUSH,

                    Defendant.
----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant David Rush was sentenced on September 6, 2018 to 78 months' imprisonment following his guilty plea to conspiracy to distribute and possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B).  Mr. Rush now moves pro se for compassionate release from USP Canaan, citing the unique risks posed by COVID-19 within the prison environment and his high blood pressure, obesity, and pre-diabetic condition.  For the following reasons, the application is denied.

Mr. Rush moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce the term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only

1

"upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).[1]  While Mr. Rush's motion for compassionate release is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), Mr. Rush nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A), see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).  Because he has failed to do so, his motion is denied.

Mr. Rush is 32 years old.  His presentence report, dated May 4, 2018, describes him as 6 feet tall and 270 pounds.  ECF No. 24 at 11.  The Centers for Disease Control and Prevention ("CDC") have opined that obesity and diabetes increase the risk of experiencing severe illness from COVID-19.  See People with Certain Medical Conditions, CDC,

---

[1] The Warden at USP Canaan denied Mr. Rush's request for compassionate release on February 5, 2021.  ECF No. 42 at 4.

2

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021). High blood pressure, too, "can make you more likely" to get very ill from COVID-19. Id. However, Mr. Rush does not provide his current weight in his motion, and thus the Court cannot determine whether he qualifies as obese. Further, Mr. Rush claims that he is "pre-diabetic" and "borderline diabetic," and not that he actually has diabetes. ECF No. 42 at 2, 20. Finally, Mr. Rush's presentence report indicates that Mr. Rush is prescribed blood pressure medication to regulate his hypertension. ECF No. 24 at 11.

Further, as of April 8, 2021, the Bureau of Prisons website stated that only one inmate and seven staff at Canaan USP presently have COVID-19, which is at odds with Mr. Rush's description of a "recent outbreak" at USP Canaan, where "at least 20+ inmates" in his living unit were said to have tested positive, including Mr. Rush himself. ECF No. 42 at 2. In any event, if Mr. Rush did have COVID-19 when he submitted the instant motion, we are hopeful that Mr. Rush has recovered from COVID-19 by now and, moreover, developed antibodies to defend against future infection. See Test for Past Infection, CDC, https://www.cdc.gov/coronavirus/2019-ncov/testing/serology-overview.html (last updated February 2,

3

2021) (explaining that antibodies may "provide against getting infected again").

Even if Mr. Rush had demonstrated extraordinary and compelling reasons to support his release, which he has not, the application of the factors set forth in 18 U.S.C. § 3553(a) counsels against release.  Those factors include "the nature and circumstances of the offense," as well as the need "to protect the public from further crimes of the defendant."  See 18 U.S.C. § 3553(a)(1), (a)(2)(C).  The offenses for which Mr. Rush is incarcerated arose from numerous instances of distribution of crack cocaine, a number of which involved possession of a firearm or other firearm offenses.  At sentencing, the Court also noted that Mr. Rush committed the instant offense while on parole supervision and that guns have figured in his criminal background on multiple occasions.  Sentencing Tr., Sept. 6, 2018, ECF No. 40, at 30:5-9.

The Court accordingly denies Mr. Rush's motion.  Because Mr. Rush has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C.

§ 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1962).[2]

**SO ORDERED.**

Dated:    New York, New York
          April 9, 2021

                                                                       NAOMI REICE BUCHWALD
                                                                       UNITED STATES DISTRICT JUDGE

---

[2] Mr. Rush also requests the appointment of counsel. ECF No. 42 at 3. However, where, as here, a defendant collaterally attacks a conviction or a sentence — such as a motion for compassionate release — there is no right to counsel. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Moreover, Mr. Rush has failed to demonstrate that the interests of justice require the appointment of counsel. See United States v. Stewart, No. 10 Cr. 239S(5), 2021 WL 248006, at *1 n.1 (W.D.N.Y. Jan. 26, 2021)(citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985)). Mr. Rush's request for counsel is therefore denied.

<u>Defendant (pro se)</u>
David Rush

A copy of the foregoing Memorandum and Order has been mailed to:

David Rush, #75997-054
USP Canaan
P.O. Box 300
Waymart, PA 18472